IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 MAR 23  P 12: 50

CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| ROBERT ROY WOODARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-151 |
| | ) | |
| ELAINE C. JOHNSON, Clerk of Superior | ) | |
| Court of Richmond County, and NANCY | ) | |
| CULPEPPER, Court Reporter, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Dodge State Prison in Chester, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Accordingly, on January 26, 2007, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 9). Plaintiff has submitted an amended complaint, (doc. no. 11), and it is this document that the Court will now screen.

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names (1) Elaine C. Johnson, Clerk of the Richmond County Superior Court, and (2) Nancy Culpepper, Court Reporter for the Superior Court of Richmond County, as Defendants in this action. (Doc. no. 11, pp. 1, 4).

On January 5, 2006, Plaintiff wrote a letter to Defendant Johnson requesting a copy of his arraignment transcript, guilty plea transcript, sentencing transcript, and a complete copy of his criminal case file pursuant to the Georgia Open Records Act, O.C.G.A. § 50-18-70, *et. seq.* (Id. at 6, 25). On January 10, 2006, Defendant Johnson responded by letter, stating that if Plaintiff desired to receive these documents free of charge, a showing of necessity was required in compliance with the procedures set forth in Mydell v. Clerk, Superior Court of Chatham County, 243 S.E.2d 72 (1978). (Id. at 26). Plaintiff contends that he was not seeking free copies and that Defendant Johnson inappropriately failed to provide him with a cost estimate for the documents he requested. (Id. at 6).

Nevertheless, Defendant Johnson responded to an additional letter from Plaintiff on February 14, 2006, and enclosed the requested copy of Plaintiff's criminal file.[1] (Id. at 27). Additionally, Defendant Johnson indicated that there was no record of any transcripts from Plaintiff's criminal case and that Plaintiff must contact Defendant Culpepper regarding this matter. (Id.). Plaintiff mailed Defendant Culpepper a certified letter at the address provided by Defendant Johnson, requesting certified copies of the transcripts from Plaintiff's

---

[1]This additional letter from Plaintiff to Defendant Johnson was not submitted along with Plaintiff's amended complaint.

arraignment, guilty plea, and sentencing. (Id. at 8, 28-30). However, this letter was never claimed by Defendant Culpepper. (Id. at 31). Two additional attempts to contact Defendant Culpepper by certified mail yielded the same result. (Id. 8-11, 31-36). On December 18, 2006, Plaintiff filed a formal complaint against Defendant Culpepper with the Georgia Board of Court Reporting which, as of the date Plaintiff filed his amended complaint, is still pending. (Id. at 19-20, 66-70).

On May 24, 2006, Plaintiff attempted to file a civil action in the Superior Court of Richmond County regarding Defendant Culpepper's failure to produce the requested transcripts, alleging that these actions constituted a violation of the Georgia Open Records Act. (Id. at 11). Plaintiff avers that, by certified mail, he submitted all the requisite documentation to commence a civil action including a cover letter, a request to proceed IFP, and a completed inmate complaint form for a civil action. (Id. at 11). The return receipt was signed indicating that the documentation was received on May 25, 2006, by Karen Carter. (Id. at 39). Plaintiff claims that, although he carefully followed all the inmate instructions for filing a civil action, he never received a case number or any other documentation confirming that the complaint had been filed. (Id. at 12, 51).

Approximately one month after mailing the complaint, Plaintiff followed up by writing a certified letter to the Richmond County Clerk's Office inquiring about the status of his action. (Id. at 16-17). The return receipt was signed and indicated that the letter was received on June 21, 2006, by Karen Carter. (Id. at 14).

After failing to receive a response to his letter, Plaintiff sent a certified letter to the Office of Administrative Services on June 26, 2006, "in an effort to give the State an

3

opportunity to resolve this issue" before seeking redress through this Court. (Id. at 17-18). Plaintiff states that Defendants' actions have hindered his efforts to proceed with a state habeas corpus action because, without his transcripts, the "criminal court proceedings are deemed correct," and the burden of proof rests with Plaintiff to show otherwise. (Id. at 8-9).

Plaintiff seeks $25,000 in punitive damages against Defendants in their individual capacities and costs in the amount of $500. (Id. at 21). Plaintiff also seeks an Order compelling Defendant Johnson to file his action for an alleged violation of the Georgia Open Records Act and compelling Defendant Culpepper to produce Plaintiff's transcripts. (Id.).

## II. DISCUSSION

The Court begins by noting that Plaintiff has no stand-alone constitutional right to obtain copies of the transcripts from his state court criminal case, and such a denial would only give rise to a constitutional violation if, in fact, his inability to obtain the transcripts prevented him from exercising his constitutional right to gain access to the courts. Maron v. Schopen, No. 01-C-161-C, 2001 WL 34376851, at *3 (W.D. Wis. May 21, 2001) (citing Hoard v. Reddy, 175 F.3d 531, 533-34 (7th Cir. 1999)). Nevertheless, Plaintiff alleges that because Defendants failed produce copies of the transcripts from his criminal proceeding, he is unable to seek state habeas corpus relief and has therefore been denied access to the courts.

The First Amendment safeguards the right "to petition the Government for a redress of grievances." U.S. Const. amend. I. To that end, the Supreme Court has held that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351 (1996)

4

(quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)).  However, to state a viable denial of access-to-the-courts claim, a plaintiff must plead and prove actual injury to existing or contemplated litigation of nonfrivolous (and therefore viable) claims challenging the plaintiff's sentence or conditions of confinement.  Lewis, 518 U.S. at 349-55; see also Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (emphasizing that an inmate's right to access the courts is only implicated where there is actual injury suffered "in the pursuit of specific types of nonfrivolous cases:  direct or collateral attacks on sentences and challenges to conditions of confinement.").  The Eleventh Circuit has clarified the requirements for pursuing a denial-of-access-to-the-courts claim as follows:

> [A] plaintiff first must show actual injury before seeking relief . . . .  This essential standing requirement means that [a defendant's] actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action.  To prevail, a plaintiff must provide evidence of [] deterrence, such as denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of [a defendant].

Blankenship, 163 F.3d at 1290-91(citations omitted).  Stated otherwise, there must be an allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, post conviction matter, or civil rights action seeking to vindicate basic constitutional rights.'"  Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam)).

In this case, Plaintiff has not alleged facts which demonstrate that Defendants' failure to produce copies of his transcripts prevented him from filing a nonfrivolous post-conviction claim.  The Georgia statute setting forth the filing requirements for a habeas corpus petition states:

A petition brought under this article shall identify the proceeding in which the petitioner was convicted, give the date of rendition of the final judgment complained of, clearly set forth the respects in which the petitioner's rights were violated, and state with specificity which claims were raised at trial or on direct appeal, providing appropriate citations to the trial or appellate record. The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached. The petition shall identify any previous proceedings that the petitioner may have taken to secure relief from his or her conviction and, in the case of prior habeas corpus petitions, shall state which claims were previously raised. Argument and citations of authorities shall be omitted from the petition; however, a brief may be submitted in support of the petition setting forth any applicable argument. The petition must be verified by the oath of the applicant or of some other person in his or her behalf.

O.C.G.A. § 9-14-44. This statute provides an exception to the requirement that a petitioner attach evidence, such as transcripts from the state criminal proceeding, if the petitioner "state[s] why the same are not attached." Id.

Petitioner has not alleged that he attempted to file a state habeas corpus proceeding which was denied because he failed to submit the transcripts from his state criminal proceeding. Furthermore, if the petition was accompanied by an explanation, such as that set forth above, a denial on this ground would be inconsistent with requirements set forth in O.C.G.A. § 9-14-44. As such, Plaintiff has not presented an "actual injury" based upon Defendants' alleged actions. Blankenship, 163 F.3d at 1290-91. Although Plaintiff indicates that his attempt to obtain injunctive relief through the state court system regarding Defendant Culpepper's failure to produce the transcripts he requested was improperly ignored or denied by Defendant Johnson, it does not appear that Plaintiff has attempted to file a state habeas action and, if necessary to prosecute such a petition, has requested such injunctive relief directly from the state habeas court. As such, Plaintiff fails to state a claim upon which relief

6

may be granted based upon his allegation that Defendants denied him access to the courts by failing to provide him with the transcripts from his criminal proceeding and failing to docket his state court action filed under the Georgia Open Records Act.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this _23_ day of March, 2007, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE